UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: APPLE INC. DEVICE PERFORMANCE
LITIGATION                                                                                           MDL No. 2827


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff in the Northern District of California *Gallmann* action listed on Schedule A moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California or, alternatively, in the Northern District of Illinois. This litigation consists of nineteen actions pending in thirteen districts, as listed on Schedule A. In addition to the actions on the motion, the parties have notified the Panel of forty-two actions pending in ten districts that involve related issues.[1]

All responding parties support centralization, but there is some disagreement as to the transferee district. In addition to the movant, plaintiffs in thirty actions and potential tag-along actions (as well as plaintiff in one action in the alternative) support centralization in the Northern District of California.[2] Also in addition to the movant, plaintiffs in three actions and potential tag-along actions (as well as plaintiffs in five actions and potential tag-along actions in the alternative) support centralization in the Northern District of Illinois. Plaintiff in a Southern District of Florida action proposes centralization in that district, while common defendant Apple Inc. supports centralization in the Northern District of California or, alternatively, the Central District of California.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Apple

---

[*] Judges Charles R. Breyer and Lewis A. Kaplan took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs in three actions and one potential tag-along action initially supported centralization in either the Eastern or Western Districts of Texas. Counsel for these plaintiffs informed the Panel staff at the hearing on this motion that they now support centralization in the Northern District of California.

included code in updates to its mobile operating system (iOS) that significantly reduced the performance of older-model iPhones. Plaintiffs also allege that Apple misrepresented the nature of the iOS updates and failed to adequately disclose to iPhone owners the impact the iOS updates would have on the performance of their iPhones. Discovery regarding the engineering of the iPhone and the iOS updates likely will be technical and complex. Plaintiffs assert similar causes of action for false advertising, alleged unfair business practices, trespass to chattels, breach of contract, and unjust enrichment. Moreover, plaintiffs bring these actions on behalf of overlapping putative classes of iPhone owners. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of California is an appropriate transferee district for this litigation. This district has a strong connection to these cases. Apple is headquartered within, and the critical events and decisions underlying plaintiffs' claims occurred in, the Northern District of California. More than half of the related actions (32 of 61) were filed in this district. The majority of the responding parties, including both plaintiffs and defendant, support centralization in this district. The Northern District of California thus presents a convenient and accessible forum for this litigation. All but one of the related actions pending in this district are assigned to the Honorable Edward J. Davila, a jurist with prior MDL experience, who already has taken steps to coordinate the actions before him and has heard argument on a preliminary injunction motion. We expect that Judge Davila will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward J. Davila for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

**IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION**                                     MDL No. 2827

## SCHEDULE A

<u>Central District of California</u>

BOGDANOVICH, ET AL. v. APPLE INC., ET AL., C.A. No. 2:17-09138
MAILYAN v. APPLE INC., C.A. No. 2:17-09192

<u>Northern District of California</u>

HARVEY v. APPLE INC., C.A. No. 5:17-07274
GALLMANN v. APPLE INC., C.A. No. 5:17-07285
HAKIMI v. APPLE INC., C.A. No. 5:17-07292
BATISTA, ET AL. v. APPLE INC., C.A. No. 5:17-07355

<u>Southern District of California</u>

COOK v. APPLE INC., ET AL., C.A. No. 3:17-02579

<u>Southern District of Florida</u>

ABUROS v. APPLE INC., C.A. No. 1:17-24712

<u>Northern District of Illinois</u>

MANGANO, ET AL. v. APPLE INC., C.A. No. 1:17-09178
NEILAN v. APPLE INC., C.A. No. 1:17-09296

<u>Southern District of Indiana</u>

SCHROEDER v. APPLE INC., C.A. No. 1:17-04750

<u>Eastern District of Louisiana</u>

LANASA v. APPLE INC., C.A. No. 2:17-17878

<u>Southern District of Mississippi</u>

MCINNIS, ET AL. v. APPLE INC., C.A. No. 1:17-00358

-A2-

Western District of Missouri

BURTON, ET AL. v. APPLE INC., C.A. No. 2:17-04257

Eastern District of New York

DRANTIVY v. APPLE INC., C.A. No. 1:17-07480
LAZARUS, ET AL. v. APPLE INC., C.A. No. 1:17-07485

Southern District of New York

RABINOVITS, ET AL. v. APPLE INC., C.A. No. 1:17-10032

District of South Carolina

BRAND, ET AL. v. APPLE INC., C.A. No. 2:17-03453

Eastern District of Texas

MILLER, ET AL. v. APPLE INC., C.A. No. 4:17-00889